UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT C. CURRY, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:06-cv-239-SEB-VSS |
| ) | |
| INTERNATIONAL TRUCK AND ) | |
| ENGINE CORPORATION, ) | |
| ) | |
|   Defendant. ) | |

### ENTRY ON MOTION TO QUASH AND MOTION TO AMEND

This cause is before the magistrate judge on the Plaintiff's Emergency Motion to Quash Non-Party Subpoenas Duces Tecum and the Defendant's Motion for Leave to Amend Answer. The motions are fully briefed, and the magistrate judge, being duly advised, **DENIES** both motions for the reasons set forth below.

The plaintiff's Motion to Quash is easily disposed of; inasmuch as the non-parties at issue already have responded to the subpoenas, the motion to quash is moot.[1]  This is a pyrrhic victory for the defendant, however, because its motion to amend its answer to assert an after-acquired evidence defense based upon the evidence it obtained from the subpoenas also is **DENIED**.  The deadline for filing motions to amend the pleadings in this case was June 15,

---

[1]The magistrate judge does not by this ruling mean to suggest that is was appropriate for the defendant to seek discovery from the plaintiff's former employers in this case.  Sending a subpoena to a former employer of an employment discrimination plaintiff simply to see if any information to support an after-acquired evidence defense exists is the very definition of a fishing expedition – casting a line in hopes that it will yield some useful information in the form of a skeleton from the plaintiff's past.   While seeking information from former employers does not necessarily cause the same types of problems for the plaintiff as sending subpoenas to current or potential employers does, a defendant would be wise to give the plaintiff advance notice of its intent to send out any such subpoena, in order to give the plaintiff the opportunity to object before the subpoena is served.

2006. The defendant does not acknowledge that, because its motion was filed well after this deadline, Federal Rule of Civil Procedure 6(b) requires it to demonstrate good cause to alter that deadline and permit the amendment. *See Trustmark Ins. Co. v. General & Cologne Life Re of America,* 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'"). Instead, the defendant incorrectly argues that its motion should be considered under the liberal standard of Rule 15(a). Absent a showing of good cause why the amendment was not timely sought, and especially in light of the way in which the alleged after-acquired evidence was obtained, the defendant's are not entitled to amend their answer.

SO ORDERED:  09/14/2006

_V. Sue Shields_
V. Sue Shields, Magistrate Judge

Copies to:

Michael A. Moffatt
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
mike.moffatt@odnss.com

Brandon M. Shelton
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brandon.shelton@ogletreedeakins.com

Tae K. Sture
STURE LEGAL SERVICES LLC
tsture99@yahoo.com